HUGHES, J., would grant.
GENOVESE, J., would grant and assigns reasons.
Genovese, J., would grant for the following reasons:
This case concerns the legal and procedural consequences of a fatally flawed plea bargain. The state and defendant herein reached an agreement (a constitutional contract) allowing defendant to plead guilty to a felony-grade marijuana offense in exchange for a suspended sentence pursuant to La.C.Cr.P. art. 893.[1] The trial court accepted this agreement. After satisfying his debt to society, defendant moved to set aside his arrest and conviction pursuant to La.C.Cr.P. art. 893(E)(2), which the trial court granted. Thereafter, defendant moved to expunge his arrest and conviction as authorized by La.C.Cr.P. art. 978(A).[2] However, the lower courts denied his motion. Defendant thereafter filed a writ with this Court seeking to reverse the lower courts and have his arrest and conviction expunged.
Article 893(E)(2) allows defendants who received a deferred sentence to request that their convictions be set aside following the satisfactory completion of their probationary period. However, defendant here received a suspended sentence. Thus, the trial court improperly granted defendant's motion to set aside his sentence per Article 893(E)(2).
Legally, defendant was not eligible for a deferred sentence because his conviction stemmed from La.R.S. 40:966(A)(1), a crime which La.C.Cr.P. art. 893(E)(1)(b) specifically excludes from the deferral-eligible offenses.[3] Because defendant was not *567 eligible for a deferral, he was also ineligible to have his conviction set aside per La.C.Cr.P. art. 893(E)(2). Thus, he is not eligible at this time to receive an expungement.
Because a fundamental and principal cause of his agreement to enter his plea was the benefit of La.C.Cr.P. art. 893, the agreement is invalid, and defendant's plea is no good. Defendant should be permitted the opportunity to withdraw his guilty plea. I would remand this matter to the trial court for a hearing to determine whether defendant wishes to withdraw his flawed plea. If so, then the trial court should determine whether defendant's plea was constitutionally infirm and decide whether the plea was induced by what defendant justifiably believed to be a valid plea bargain, but which, as a matter of law, could not be kept. State v. Allah , 17-0785 (La. 1/9/18), 232 So.3d 554.
JOHNSON, Chief Justice, concurs and assigns reasons.
Mr. Stiles seeks review of the district court judgment which denied his motion to expunge his record of arrest and conviction. He contends that he is entitled to an expungement under La.C.Cr.P. art. 978(A)(1) because the district court granted his February 26, 2014 Motion to Set Aside and Dismiss Prosecution. Because his conviction was not validly dismissed, I agree with the decision of the Court to deny his application.
Under La.C.Cr.P. art. 978(A), a person may file a motion to expunge his or her record of arrest and conviction of a felony offense if one of the two situations apply:
(1) The conviction was set aside and the prosecution was dismissed pursuant to Article 893(E).
(2) More than ten years have elapsed since the person completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction, and the person has not been convicted of any other criminal offense during the ten-year period, and has no criminal charge pending against him. The motion filed pursuant to this Subparagraph shall include a certification obtained from the district attorney which verifies that, to his knowledge, the applicant has no convictions during the ten-year period and no pending charges under a bill of information or indictment.
On March 16, 2012, Mr. Stiles pleaded guilty under State v. Crosby and La.C.Cr.P. art. 893 to possession with intent to distribute marijuana, a violation of R.S. 40:966(A)(2). He was sentenced to serve five years at hard labor, and his sentence was suspended and he was placed on five years of active probation. Mr. Stiles thus received the benefit of La.C.Cr.P. art. 893(A)(1), pursuant to his plea agreement, which allowed the district court to fully suspend his five-year sentence. Likewise, Mr. Stiles was not eligible to have his sentence deferred because La.C.Cr.P. art. 893(E)(1)(b) prohibits a court from deferring a sentence for a violation of R.S. 40:966(A)(2), the offense to which he pleaded guilty. Accordingly, Mr. Stiles is not eligible to expunge his record pursuant to *568 La.C.Cr.P. art. 978(A)(1) because his conviction was not validly dismissed.
On the other hand, while currently ineligible, Mr. Stiles may nonetheless file a motion in the future to expunge his record of arrest and conviction pursuant to La.C.Cr.P. art. 978(A)(2). For these reasons, I agree with the decision of the Court to deny Mr. Stiles' application.

Article 893 provides, in pertinent part, as follows:
(1)(a) When it appears that the best interest of the public and of the defendant will be served, the court, after a first, second, or third conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole.

Under La.C.Cr.P. art. 978(a), a person may file a motion to expunge his or her record of arrest and conviction under certain circumstances.

Louisiana Code of Criminal Procedure 893(E)(1)(b) provides, in pertinent part, as follows (emphasis added):
The court shall not defer a sentence under this provision for an offense or an attempted offense that is designated in the court minutes as a crime of violence pursuant to Article 890.3 or that is defined as a sex offense by R.S. 15:541, involving a child under the age of seventeen years or for a violation of the Uniform Controlled Dangerous Substances Law that is punishable by a term of imprisonment of more than five years or for a violation of R.S. 40:966(A), 967(A), 968(A), 969(A), or 970(A).